FILED

MAR 0 4 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**LAVERNE DALE CASS,**

                    Plaintiff,

        v.

**MICHAEL J. ASTRUE,**

                    Defendant.

Civil No. 09-6030-PK

**FINDINGS AND
RECOMMENDATION**

PAPAK, Magistrate Judge:

    Plaintiff Laverne Dale Cass ("Cass") seeks judicial review of the Social Security

Commissioner's final decision denying his applications for Disability Insurance Benefits ("DIB")

and Supplemental Security Income ("SSI"). This court has jurisdiction under 42 U.S.C. §§

405(g) and 1383(c). For the reasons that follow, the Commissioner's decision should be

1 - FINDINGS AND RECOMMENDATION

affirmed.

## BACKGROUND

Born in 1951 (Tr. 48), Cass has a ninth-grade education. Tr. 64.[1]  Cass applied for

benefits on February 25, 2005, alleging disability since June 1, 1998. Tr. 48. Cass alleges

disability based upon hepatitis C, cirrhosis of the liver, a left knee injury and "heart problems."

Tr. 60. The Commissioner denied these applications initially and upon reconsideration. Tr. 37-

44. An ALJ held a hearing by video conference on July 10, 2007 (Tr. 407-33), and found Cass

not disabled on November 7, 2007. Tr. 15-21. The Appeals Council accepted additional

evidence into the record (Tr. 8) but denied review of the matter on September 24, 2008, making

the ALJ's decision the Commissioner's final decision. Tr. 5. Cass then filed this appeal.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five

steps in determining disability under the meaning of the Act. 20 C.F.R. §§ 404.1520; 416.920;

*Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Cass challenges the ALJ's evaluation of his

credibility and alleged mental impairment between steps three and four, and the ALJ's finding

that he is not disabled at step four.

At step one, the ALJ determines if the claimant is performing substantial gainful activity.

If he is, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). At step

two, the ALJ determines if the claimant has "a severe medically determinable physical or mental

impairment" that meets the twelve-month duration requirement. 20 C.F.R. §§ 404.1509,

---

[1]Citations "Tr." refer to indicated pages in the official transcript of the administrative
record filed with the Commissioner's Answer June 16, 2009 (Docket #10).

404.1520(a)(4)(ii); 416.909; 416.920(a)(4)(ii).  If the claimant does not have such a severe impairment, he is not disabled.  *Id.*

At step three, the ALJ determines if the severe impairment meets or equals a "listed" impairment in the regulations.  20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If he determines the impairment meets or equals a listed impairment, the claimant is disabled.  20 C.F.R. §§ 404.1520(d); 416.920(d).

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC").  The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by his impairments.  20 C.F.R. §§ 404.1520(e); 416.920(e); Social Security Ruling ("SSR") 96-8p.  The ALJ uses this information to determine if the claimant can perform his past relevant work at step four.  20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).

If proceedings reach step five, the Commissioner must determine if the claimant is capable of performing work existing in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(f); 416.920(a)(4)(v); 416.920(f); *Yuckert*, 482 U.S. at 141-2; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

The initial burden of establishing disability rests upon the claimant.  *Tackett*, 180 F.3d at 1098.  If the process reaches the fifth step, the burden of production shifts to the Commissioner to show that "the claimant can perform some other work that exists in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience."  *Id.* at 1100.  If the Commissioner meets this burden the claimant is not disabled.  20

C.F.R. §§ 404.1566; 404.1520(g); 416.966; 416.920(g).

## THE ALJ'S FINDINGS

The ALJ first found that Cass engaged in substantial gainful activity between April 2006 and December 2006. Tr. 17. The ALJ found Cass's 2007 work an "unsuccessful work attempt." *Id.* At step two, the ALJ found Cass's hepatitis severe, without any analysis of Cass's remaining impairments. *Id.*

The ALJ found that Cass's hepatitis did not meet a listed disorder at step three, and concluded that Cass retained the residual functional capacity to perform "the full range of medium work." Tr. 18. Here the ALJ cited Cass's testimony and concluded that he was "unable to fully credit the testimony of the claimant or other allegations in the record regarding the severity of his symptoms or the extent of his functional limitations." Tr. 19.

The ALJ found that this RFC allowed Cass to perform his past relevant work as a short order cook and carpenter at step four, and therefore found him not disabled under the Commissioner's regulations. Tr. 20.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r of the Soc. Sec. Admin*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

This court must weigh the evidence that supports and detracts from the ALJ's conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. *Id.* (citing *Robbins v. Social Security Administration*, 466 F.3d 880, 882 (9th Cir. 2006)), *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Id.*, *see also Batson*, 359 F.3d at 1193.

## DISCUSSION

Cass contends that the ALJ erroneously found him not credible, and asserts that the ALJ should have considered his "psychologically based pain." Based on those alleged errors, Cass further asserts that the ALJ improperly concluded that he was not disabled at step four. Cass makes no other arguments and declined to file a reply brief.

## I.    Credibility

### A.    Standards: Credibility

Once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged" the ALJ must provide "clear and convincing" reasons for finding a claimant not credible. *Lingenfelter,* 504 F.3d at 1036 (citing *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with

personal knowledge of the claimant's functional limitations. *Smolen v. Chater*, 80 F.3d 1273,

1284 (9th Cir. 1996). The ALJ may additionally employ ordinary techniques of credibility

evaluation, such as weighing inconsistent statements regarding symptoms by the claimant. *Id.*

Once a claimant shows an underlying impairment, the ALJ may not, however, make a negative

credibility finding "solely because" the claimant's symptom testimony "is not substantiated

affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883.

      **B.**    **Analysis**

            **a.**    **Work Activity**

      The ALJ first noted that Cass worked between April 2006 and September 2006. Tr. 17.

The ALJ subsequently cited this work activity and concluded it was "totally inconsistent with the

claimant's allegations regarding his left knee pain, fatigue and limitations in his ability to

concentrate or remember things." Tr. 19. The ALJ may find a claimant not credible because his

activities are inconsistent with his allegation of disability. *Bray*, 554 F.3d at 1219. The ALJ may

also cite a claimant's work activity in finding him not disabled. *Id.* The ALJ's reasoning

regarding Cass's 2006 work activity should therefore be affirmed.

      The ALJ also noted that Cass worked for one and one half months in 2007, and explicitly

found that this period of work was an "unsuccessful work attempt." *Id.* However, the ALJ also

found that this activity undermined Cass's credibility. Tr. 19. The unsuccessful work attempt

concept is an equitable device allowing the Commissioner to disregard a claimant's attempt to

work in finding a claimant not disabled. SSR 05-02 at *1 (available at 2005 WL 437631). The

ALJ's inference that Cass's 2007 work attempt undermines his allegation of disability is

inappropriate but in light of his finding regarding employment in 2006, the error is harmless.

### b.    Cass's Testimony and His Medical Records

Cass now asserts that he "often missed work or was unable to sustain gainful employment for an extended period of time due to the pain and discomfort from his impairments." Pl.'s Opening Br. 6. Cass cites his earnings records showing that he did not post income in 1999, 2000, 2992, and 2003, and his own testimony that he stopped working in June 2007 because he could not stand, and that he stopped working at an unspecified time because he was unable to perform construction due to his alleged left knee impairment. *Id.* (citing Tr. 55-56, 416). Cass also cites his own testimony that he is presently sick three days per week due to hepatitis symptoms. *Id.* (citing Tr. 421).

The ALJ rejected these limitations based upon Cass's medical record. The ALJ cited Cass's alcoholism and alcoholic hepatitis, and medical records created between 2002 and 2003 showing that Cass's liver function was not compromised. Tr. 19. The ALJ also noted that Cass requested, and was granted, a work release in on January 20, 2005. Tr. 19. The ALJ cited Cass's reports to a physician that he had never been sick with hepatitis or jaundice stemming from his hepatitis. *Id.* Finally, the ALJ found that Cass's March 2007 treatment records did not support his allegation of disability because the physician found no abnormalities in Cass's left knee. Tr. 20. The ALJ also noted that the physician at this time found Cass's hepatitis stable and that it did not require further treatment. *Id.*

The ALJ's credibility analysis may cite a claimant's medical record in conjunction with other findings. *Robbins*, 466 F.3d at 883; *Smolen*, 80 F.3d at 1284. The ALJ's finding that Cass received minimal treatment without functional limitations related to his hepatitis in 2002 and 2003 is based upon the record. Tr. 129-41, 263, 265. The ALJ's finding that Cass requested and

7 - FINDINGS AND RECOMMENDATION

received a work release in January 2005 and reported no sickness related to his hepatitis is also

based upon the record. Tr. 204. The ALJ's finding that Cass's March 2007 examination showed

no functional limitations stemming from his hepatitis and alleged knee impairments is also based

upon the record. Tr. 362-63. The ALJ's finding that Cass's medical records do not support his

allegation of disability regarding his hepatitis and alleged knee impairment is therefore based

upon the record.

### C.    Credibility Conclusion

In summary, the ALJ appropriately found Cass not credible. Cass does not assert that the

ALJ improperly assessed the medical record, and the ALJ's credibility findings are properly

based upon Cass's work history and medical record. The ALJ's credibility determination should

therefore be affirmed.

## II.    The ALJ's Duty to Consider Cass's "Psychologically Based Pain"

The ALJ cited Cass's testimony that he experiences depression, but found that "the record

shows no evidence of the claimant seeking and receiving treatment for depression, except for

when he was suffering from acute alcohol intoxication." Tr. 20. The ALJ therefore found Cass's

depression non-severe. *Id.*

Cass now asserts that the ALJ failed to consider his "psychologically based pain." Pl.'s

Opening Br., 7. Cass cites SSR 96-7p n3, which states:

///

> The adjudicator must develop evidence regarding the possibility of
> a medically determinable mental impairment when the record
> contains information to suggest that such an impairment exists, and
> the individual alleges pain or other symptoms, but the medical
> signs and laboratory findings do not substantiate any physical

impairment(s) capable of producing the pain or other symptoms.

SSR 96-7p at *9.  Cass also cites his own testimony that he is depressed and treating physician

Dr. Maveety's diagnosis of a "history of depression."  Pl.'s Opening Br., 7.

The record shows that Dr. Maveety treated Cass on December 3, 2007.  Tr. 388-89.  At

this visit, Dr. Maveety twice noted that Cass had a "history of depression."  *Id.*  Dr. Maveety did

not find Cass presently depressed, and his examination and diagnostic notes do not show that

Cass complained of depression or any other mental symptoms.  *Id.*  Finally, Dr. Maveety made

no recommendations that Cass procure treatment for any alleged depression.  *Id.*

Cass bears the burden of establishing an impairment.  20 C.F.R. § 404. 1512; 416.912;

*Tackett*, 180 F.3d at 1098.  Here, Cass has not pointed to any evidence showing a depression

diagnosis during the period in question.  Cass's assignment of error is not well taken..

## CONCLUSION

Cass fails to show that the ALJ erred in his credibility finding or in finding Cass's alleged

depression non-severe.  The ALJ's decision is based upon the record, supported by substantial

evidence and should be affirmed.[2]  A judgment should be prepared dismissing this case with

prejudice.

---

[2]While I recommend affirming the ALJ's decision, I note that his behavior at the July 10,
2007 hearing was, at times, inappropriate. The hearing was conducted by video conference with
Cass and his counsel in Salem, Oregon and ALJ Villere in Sacramento, California. The ALJ
opened the proceedings by noting that he had music playing in the background and then
discussing the various artists Cass would hear during the hearing. Tr. 413. Later, in discussing
Cass's smoking habit, Cass indicated that he would like to quit smoking and the following
exchange took place: ALJ: "Actually, we would like you to smoke more. You know why?" Cass:
"Yeah because it will kill me sooner." ALJ: Good for you. You got it. Of course, I'm being
facetious. I'm not, I'm just trying to emphasize, but I guess you already know that it's going to kill
you...." Tr. 424

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

Dated this 3rd day of March, 2010.

Paul Papak
United States Magistrate Judge

10 - FINDINGS AND RECOMMENDATION